

**U.S. Department of Justice**

*Michael J. Sullivan*
*United States Attorney*
*District of Massachusetts*

*Main Reception: (617) 748-3100*

*John Joseph Moakley United States Courthouse*
*1 Courthouse Way*
*Suite 9200*
*Boston, Massachusetts 02210*

March 25, 2005

James H. Budreau, Esq.
Oteri Weinberg & Lawson, PA
20 Park Plaza
Boston, MA 02116

Re: <u>United States v. Gabriel Escamilla</u>
    Criminal No. 05-10172-NMG

Dear Mr. Budreau:

This letter sets forth the Agreement between the United
States Attorney for the District of Massachusetts ("the U.S.
Attorney") and your client, Gabriel Escamilla ("Defendant"), in
the above-captioned case. The Agreement is as follows:

1. <u>Change of Plea</u>

At the earliest practicable date but in no event later than
April 15, 2005, Defendant shall plead guilty to the attached
Information, charging him with misprision of a felony, in
violation of Title 18, United States Code, Section 4. Defendant
expressly and unequivocally admits that he in fact knowingly,
intentionally and willfully committed the crime charged in Count
One of the Information, and is in fact guilty of that offense.
The U.S. Attorney agrees to dismiss the pending complaint after
Defendant is sentenced for the charge contained in the
Information.

2. <u>Penalties</u>

Defendant faces the following maximum penalties: a term of
imprisonment of up to three years; a fine of up to $250,000; a
term of supervised release of up to one year; and a mandatory
$100 special assessment.

If Defendant is not a United States citizen, he may also be
deportable and/or excludable by the United States Immigration and
Customs Enforcement as a consequence of his conviction of the
offenses to which he is pleading guilty.

3.    Sentencing Guidelines

The sentence to be imposed upon Defendant is within the
discretion of the sentencing Court, subject to the statutory
maximum penalties set forth above, and the provisions of the
Sentencing Reform Act and the United States Sentencing Guidelines
promulgated thereunder, as modified by United States v. Booker
and United States v. Fanfan, 125 S.Ct. 738, 2005 WL 50108
(January 12, 2005).  In imposing the sentence, the Court must
consult and take into account the United States Sentencing
Guidelines, along with the other factors set forth in 18 U.S.C.
§3553(a).

The parties will take the following positions at sentencing
with respect to the application of the United States Sentencing
Guidelines:

> (a)  The parties agree to take the position that the
>       applicable Base Offense Level under USSG §2X4.1 is
>       19.
>
> (b)  The parties agree to take the position that
>       Defendant's criminal history category
>       substantially under-represents the seriousness of
>       Defendant's criminal history, and that an upward
>       adjustment to Criminal History Category II is
>       warranted pursuant to USSG §4A1.3(a).
>
> (c)  The parties agree that, given the agreements in
>       subsections (a) and (b) above, the applicable
>       Guideline Sentencing Range is 24-30 months, and
>       agree jointly to recommend a sentence of 30
>       months.

The U.S. Attorney and Defendant agree that there is no basis
for a departure from the sentencing range established by the
United States Sentencing Guidelines, except as explicitly noted
above and reserved below.  Accordingly, neither the U.S. Attorney
nor Defendant will seek an additional departure on any ground
from the Sentencing Guidelines, except under the conditions
explicitly set forth below.

2

responsibility for the offense(s) of conviction in this case, and information known to the U.S. Attorney at this time, the U.S. Attorney agrees to recommend that the Court reduce by three levels Defendant's Adjusted Offense Level under U.S.S.G. § 3E1.1.

The U.S. Attorney specifically reserves the right not to recommend a reduction under U.S.S.G. § 3E1.1 if, at any time between his execution of this Agreement and sentencing Defendant:

> (a) Fails to admit a complete factual basis for the plea;
>
> (b) Fails to truthfully admit his conduct in the offenses of conviction;
>
> (c) Falsely denies, or frivolously contests, relevant conduct for which Defendant is accountable under U.S.S.G. § 1B1.3;
>
> (d) Fails to provide truthful information about his financial status;
>
> (e) Gives false or misleading testimony in any proceeding relating to the criminal conduct charged in this case and any relevant conduct for which Defendant is accountable under U.S.S.G. § 1B1.3;
>
> (f) Engages in acts which form a basis for finding that Defendant has obstructed or impeded the administration of justice under U.S.S.G. § 3C1.1;
>
> (g) Intentionally fails to appear in Court or violates any condition of release;
>
> (h) Commits a crime;
>
> (i) Transfers any asset protected under any provision of this Agreement; and/or
>
> (j) Attempts to withdraw his guilty plea.

Defendant expressly understands that he may not withdraw his plea of guilty if, for any of the reasons listed above, the U.S. Attorney does not recommend that he receive a reduction in Offense Level for acceptance of responsibility.

Defendant expressly understands that, in addition to

3

declining to recommend an acceptance-of-responsibility adjustment, the Government may seek an upward adjustment pursuant to U.S.S.G. § 3C1.1 if Defendant obstructs justice after date of this Agreement.

### 4. Sentence Recommendation

In the event the U.S. Attorney does not file a motion under U.S.S.G. §5K1.1, the U.S. Attorney agrees to recommend the following sentence before the District Court:

- (a) 30 months' incarceration;

- (b) Fine, unless the court finds that Defendant is not able and, even with the use of a reasonable installment schedule, is not likely to become able to pay a fine;

- (c) Forfeiture as set forth in paragraph 11;

- (d) Payment of the mandatory $100 special assessment; and

- (e) Supervised release within the applicable Guideline Range.

Defendant agrees to join in the above recommendations.

Defendant agrees that he will provide to the U.S. Attorney expert reports, motions, memoranda of law and documentation of any kind on which he intends to rely at sentencing not later than twenty-one days before sentencing. Any basis for sentencing with respect to which all expert reports, motions, memoranda of law and documentation have not been provided to the U.S. Attorney at least twenty-one days before sentencing shall be deemed waived.

In the event of an appeal from, or collateral challenge to, Defendant's sentence, the U.S. Attorney reserves his right to argue the correctness of Defendant's sentence and the manner in which the District Court determines it.

### 5. Payment of Mandatory Special Assessment

Defendant agrees to pay the mandatory special assessment to the Clerk of the Court on or before the date of sentencing, unless Defendant establishes to the satisfaction of the Court that Defendant is financially unable to do so.

4

6.   Waiver of Rights to Appeal and to Bring Collateral
     Challenge

Defendant is aware that he has the right to challenge his
sentence and guilty plea on direct appeal.  Defendant is also
aware that he may, in some circumstances, be able to argue that
his plea should be set aside, or his sentence set aside or
reduced, in a collateral challenge (such as pursuant to a motion
under 28 U.S.C. § 2255).

In consideration of the concessions made by the U.S.
Attorney in this Agreement, Defendant knowingly and voluntarily
waives his right to appeal or collaterally challenge:

> (1)   Defendant's guilty plea and any other aspect of
>       Defendant's conviction, including, but not limited
>       to, any rulings on pretrial suppression motions or
>       any other pretrial dispositions of motions and
>       issues; and
>
> (2)   The imposition by the District Court of a sentence
>       of 30 months or less.

Defendant's waiver of rights to appeal and to bring
collateral challenges shall not apply to appeals or challenges
based on new legal principles in First Circuit or Supreme Court
cases decided after the date of this Agreement which are held by
the First Circuit or Supreme Court to have retroactive effect.

This Agreement does not affect the rights or obligations of
the United States as set forth in 18 U.S.C. § 3742(b), and the
U.S. Attorney therefore retains his appeal rights.

7.   Cooperation

     a.   Terms of Cooperation

Defendant agrees to cooperate fully with law enforcement
agents and government attorneys.  He must provide complete and
truthful information to all law enforcement personnel.  If his
testimony is requested, he must testify truthfully and completely
before any grand jury, and at any hearing and trial.  Defendant
must answer all questions put to him by any law enforcement
agents or government attorneys and must not withhold any
information.  He must not attempt to protect any person or entity
through false information or omission, or to implicate falsely
any person or entity.  Upon request, he must furnish all
documents, objects and other evidence in his possession, custody

or control that are relevant to the government's inquiries.

Defendant understands that he has a right to have counsel present when communicating with representatives of the government concerning the criminal conduct with which he has been charged. To facilitate his cooperation, Defendant hereby knowingly and voluntarily waives this right with respect to all debriefings by law enforcement agents and government attorneys and all appearances to testify. This waiver may be revoked at any time by a specific request by Defendant or his counsel without otherwise affecting the terms or enforceability of this Agreement.

To enable the Court to have the benefit of all relevant sentencing information, Defendant waives any rights he may have to prompt sentencing and will join in any requests by the U.S. Attorney that sentencing be postponed until Defendant's cooperation is complete. Defendant understands that the date of Defendant's sentencing is within the sole discretion of the Court and that this Agreement may require Defendant's cooperation to continue even after Defendant has been sentenced. Defendant's failure to continue to cooperate pursuant to the terms of this Agreement after sentence is imposed shall constitute a breach of this Agreement by Defendant.

### b.    Substantial Assistance Motion

In the event that Defendant provides substantial assistance in the investigation or prosecution of another person who has committed a criminal offense, the U.S. Attorney agrees that, at or before the time of sentencing, the U.S. Attorney will make a motion under U.S.S.G. § 5K1.1, so that the sentencing court may impose a sentence below that which otherwise would be required under the relevant statutes.

The determination whether Defendant has provided substantial assistance rests solely in the discretion of the U.S. Attorney and is not subject to appeal or review. The U.S. Attorney expressly reserves the right to decline to file a motion pursuant to U.S.S.G. § 5K1.1 if Defendant violates any condition of his pretrial release, violates any of the requirements of honesty and candor detailed in paragraph 7(a) above, or engages in any criminal conduct after the date he signs this Agreement. Defendant may not withdraw his plea if the U.S. Attorney determines that Defendant has not rendered substantial assistance, or if the Court refuses to grant the U.S. Attorney's motion for a downward departure.

6

c.   Sentence Recommendation with Substantial
     Assistance

If Defendant provides substantial assistance, subject to all
the provisions of paragraphs 7(a) and (b) above, the U.S.
Attorney will advise the sentencing judge of the full nature,
extent and value of the assistance provided by Defendant.

The U.S. Attorney reserves the right to recommend a
particular sentence or sentencing range, or to make no
recommendation at Defendant's sentencing.

d.   Letter Immunity

In return for Defendant's full and truthful cooperation, the
U.S. Attorney agrees not to use any information provided by
Defendant pursuant to this Agreement or pursuant to the proffer
letter dated November 21, 2002 (or any information directly or
indirectly derived therefrom) against Defendant in any criminal
case except in a prosecution (1) for perjury or obstruction of
justice, or for making a false statement after the date of this
Agreement; or (2) for an act of physical violence against the
person of another, or conspiracy to commit any such act of
violence.  The U.S. Attorney reserves the right to respond fully
and completely to all requests for information by the District
Court and U.S. Probation Office in this case.  All such
disclosures, however, shall be made subject to the provisions
constraining the use of this information by the District Court
and U.S. Probation Office contained in U.S.S.G. § 1B1.8(a) and
the commentary thereto.  Notwithstanding the provisions of
U.S.S.G. § 1B1.8(b)(5) and the commentary thereto, the U.S.
Attorney agrees to take the position that at the time of
sentencing information provided by Defendant pursuant to this
Agreement should not be used either in determining where within
the applicable guideline range to sentence Defendant or in
determining whether, or to what extent, a departure from the
Sentencing Guidelines is warranted.

If the U.S. Attorney determines that Defendant has breached
this Agreement by making any false, incomplete or misleading
statement, or by providing any false, incomplete or misleading
information to any law enforcement personnel, grand jury or
court, the U.S. Attorney may terminate this Agreement as set
forth below, and may also prosecute Defendant for any and all
offenses that could be charged against him in the District of
Massachusetts, including, but not limited to, false statements
and perjury.

7

### 8. Court Not Bound By Agreement

The sentencing recommendations made by the parties and their respective calculations under the Sentencing Guidelines are not binding upon the U.S. Probation Office or the sentencing judge. Within the maximum sentence which Defendant faces under the applicable law, the sentence to be imposed is within the sole discretion of the sentencing judge. Defendant's plea will be tendered pursuant to Fed. R. Crim. P. 11(c)(1)(B). Defendant may not withdraw his plea of guilty regardless of what sentence is imposed. Nor may Defendant withdraw his plea because the U.S. Probation Office or the sentencing judge declines to follow the Sentencing Guidelines calculations or recommendations of the parties. In the event that the sentencing judge declines to follow the Sentencing Guidelines calculations or recommendations of the U.S. Attorney, the U.S. Attorney reserves the right to defend the sentencing judge's calculations and sentence in any subsequent appeal or collateral challenge.

### 9. Information For Presentence Report

Defendant agrees to provide all information requested by the U.S. Probation Office concerning his assets.

### 10. Civil Liability

By entering into this Agreement, the U.S. Attorney does not compromise any civil liability, including but not limited to any tax liability, which Defendant may have incurred or may incur as a result of his conduct and his plea of guilty to the charges specified in paragraph one of this Agreement.

### 11. Rejection of Plea By Court

Should Defendant's guilty plea not be accepted by the Court for whatever reason, or later be withdrawn on motion of Defendant, this Agreement shall be null and void at the option of the U.S. Attorney.

### 12. Breach of Agreement

If the U.S. Attorney determines that Defendant has failed to comply with any provision of this Agreement, has violated any condition of his pretrial release, or has committed any crime following his execution of this Agreement, the U.S. Attorney may, at his sole option, be released from his commitments under this Agreement in their entirety by notifying Defendant, through counsel or otherwise, in writing. The U.S. Attorney may also

8

pursue all remedies available to him under the law, irrespective of whether he elects to be released from his commitments under this Agreement. Further, the U.S. Attorney may pursue any and all charges which have been, or are to be, dismissed pursuant to this Agreement. Defendant recognizes that no such breach by him of an obligation under this Agreement shall give rise to grounds for withdrawal of his guilty plea. Defendant understands that, should he breach any provision of this agreement, the U.S. Attorney will have the right to use against Defendant before any grand jury, at any trial or hearing, or for sentencing purposes, any statements which may be made by him, and any information, materials, documents or objects which may be provided by him to the government subsequent to this Agreement, or pursuant to the proffer agreement dated November 21, 2002, without any limitation. In this regard, Defendant hereby waives any defense to any charges which he might otherwise have under any statute of limitations or the Speedy Trial Act.

13. Who Is Bound By Agreement

This Agreement is limited to the U.S. Attorney for the District of Massachusetts, and cannot and does not bind the Attorney General of the United States or any other federal, state or local prosecutive authorities.

14. Complete Agreement

This letter contains the complete and only agreement between the parties relating to the disposition of this case. No promises, representations or agreements have been made other than those set forth in this letter and in the proffer letter dated November 21, 2002. This Agreement supersedes prior understandings, if any, of the parties, whether written or oral with the sole exception of those contained in the proffer letter dated Novemer 21, 2002. This Agreement can be modified or supplemented only in a written memorandum signed by the parties or on the record in court.

If this letter accurately reflects the Agreement between the U.S. Attorney and Defendant, please have Defendant sign the Acknowledgment of Agreement below. Please also sign below as

9

Witness.   Return the original of this letter to Assistant U.S.
Attorney Rachel E. Hershfang.

Very truly yours,

MICHAEL J. SULLIVAN
United States Attorney
By: _James B. Farmer_
James B. Farmer
Section Chief

Rachel E. Hershfang
Assistant U.S. Attorney

## ACKNOWLEDGMENT OF PLEA AGREEMENT

I read this letter in its entirety and discussed it with my attorney. I hereby acknowledge that it fully sets forth my agreement with the United States Attorney's Office for the District of Massachusetts. I further state that no additional promises or representations have been made to me by any official of the United States in connection with this matter. I understand the crimes to which I have agreed to plead guilty, the maximum penalties for those offenses and Sentencing Guideline penalties potentially applicable to them. I am satisfied with the legal representation provided to me by my attorney. We have had sufficient time to meet and discuss my case. We have discussed the charges against me, possible defenses I might have, the terms of this Plea Agreement and whether I should go to trial. I am entering into this Agreement freely, voluntarily, and knowingly because I am guilty of the offenses to which I am pleading guilty and I believe this Agreement is in my best interest.

Gabriel Escamilla
Defendant

Date: 4/4/05

I certify that Gabriel Escamilla has read this Agreement and that we have discussed its meaning. I believe he understands the Agreement and is entering into the Agreement freely, voluntarily and knowingly.

James H. Budreau, Esq.
Attorney for Defendant

Date: 4/4/05

11